IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LAWRENCE IDIGBE | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv640 |
| DENTON COUNTY | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Lawrence Idigbe filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons set forth below, the Court finds that the petition is not well-taken and that it will be denied.

Procedural History of the Case

On November 5, 2010, the Petitioner pled guilty to the misdemeanor offense of Assault - Family Violence in the County Criminal Court #1 of Denton County, Texas. He was placed on community supervision for a period of twelve months without a finding of guilt. On November 28, 2011, the trial court issued an order discharging the Petitioner from community supervision and dismissing all further proceedings.

On October 26, 2012, the Petitioner filed an application for a writ of habeas corpus in state court. The trial court issued findings of fact and conclusions of law denying the application on November 13, 2012. The decision was affirmed. *Ex parte Idigbe*, No. 02-12-00561-CR, 2013 WL 772891 (Tex. App. - Ft. Worth Feb. 28, 2013, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on June 12, 2013.

The present petition for a writ of habeas corpus was filed on November 4, 2013. The Petitioner argues that he is entitled to relief because his guilty plea was involuntary because it was induced by a threat. He asserted that the petition is not time-barred because he is actually innocent of the crime for which he was charged. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). He filed an

1

memorandum in support of his petition (docket entry #4). The Respondent filed an answer (docket entry #11) on October 8, 2014. An amended answer (docket entry #12) was filed on October 14, 2014. The Petitioner did not file a response.

## Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983), *cert. denied*, 469 U.S. 1067 (1984).

The prospect of federal courts granting habeas corpus relief to state prisoners was severely limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

Discussion and Analysis

The first issue raised by the Respondent is the requirement that a petitioner be "in custody" pursuant to a judgment of a State court in order to obtain federal habeas corpus relief. A petitioner satisfies the "in custody" requirement when the challenged conviction had not fully expired at the time the petition was filed. *See Carafas v. Lavelle*, 391 U.S. 234, 238 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. It is only after a petitioner has been discharged from his term of parole or probation that he is no longer "in custody" for purposes of seeking habeas relief. *United States v. Tavarez*, 79 F. App'x 79, 80 (5th Cir. 2003). In applying these rules, the Western District of Texas found that a petitioner did not satisfy the "in custody" requirement in the case where he had already successfully completed his deferred adjudicated probation when he filed the petition. *Brown v. Dretke*, Nos. 5:04cv543, 5:04cv725, 2004 WL 2538474 (W.D. Tex. Nov. 8, 2004), *c.o.a. denied*, Nos. 04-51313, 04-51384 (5th Cir. June 22, 2005).

In the present case, the Petitioner was not "in custody" at the time he filed the petition. He had already successfully discharged his term of community supervision and the charges had been discharged. Any adverse collateral consequences of the charges did not render him "in custody." *See Hendrix,* 888 F.2d at 338. In his memorandum, the Petitioner asserted that the "in custody" requirement is evolving. He did not show, however, that the Fifth Circuit has deviated from its holding that a petitioner does not satisfy the "in custody" requirement if he had discharged his term of probation by the time he filed the petition. He has not shown that either the Supreme Court or the Fifth Circuit has deviated from the conclusion that collateral consequences do not render a petitioner "in custody." His argument that he was "in custody" at the time he filed the petition lacks merit. The petition should accordingly be dismissed for lack of jurisdiction.

Even if the Petitioner could satisfy the "in custody" requirement, the petition would have to be dismissed because it is time-barred. AEDPA made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

The appropriate limitations provision in the present case is Section 2244(d)(1)(A), which specifies that finality is established by the conclusion of direct review or the expiration of time for seeking such review. The Petitioner pled guilty on November 5, 2010, and the trial court deferred adjudication and placed him on community supervision probation. The Fifth Circuit dealt with the statute of limitations in the context of orders placing a defendant on deferred adjudication in *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005), *cert. denied*, 549 U.S. 970 (2006). The Fifth Circuit held that an order of deferred adjudication is a judgment under relevant federal law. *Id.* at 527. The Fifth Circuit noted that the defendant could have appealed from the order. The order became final under Texas law thirty days after the order was entered since the defendant failed to file a notice of appeal. *Id.* at 530. The statute of limitations set forth in § 2244 started running on that date. *Id.*

In the present case, the Petitioner was placed on deferred adjudication probation on November 5, 2010. The limitations period started running thirty days later on December 5, 2010, and the

limitations period expired one year later on December 5, 2011. The Petitioner did not file his state application for a writ of habeas corpus until October 26, 2012, which was more than ten months after the deadline for filing the present petition. The pendency of the state application did not effectively toll the deadline. The Petitioner has not shown that any other statutory tolling provision or principles of equitable tolling save his petition; thus, the petition is time-barred.

Despite the foregoing, the Petitioner attempts to salvage his petition in light of the actual innocence exception recognized by the Supreme Court in *McQuiggin v. Perkins,* 133 S. Ct. 1924 (2013). There, the Supreme Court held, "actual innocence, if proved, serves as a gateway which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations." *Id.* at 1928. *See also Martin v. Stephens*, 563 F. App'x 329, 329-30 (5th Cir. 2014).

The issue of actual innocence was fully addressed by the state trial court. After fully considering the evidence of actual innocence, the trial court issued the following findings of fact:

> 3. The affidavit provided by the complainant and attached to the Applicant's writ application did not represent newly discovered or newly available evidence, as Applicant and the State knew before Applicant entered his plea that Ms. Akinwunmi had a change of heart about her earlier assertions to a police officer that she had been assaulted by Applicant.
>
> 4. Considering the statements made by Ms. Akinwunmi to the responding police officer, the fact that another witness was present at the time of the assault, the fact that photographs were taken of the complainant's injuries, and the complainant's self-interest in protecting the father of her child, the Court finds that Ms. Akinwunmi's claim in her affidavit that Applicant did not assault her is not credible.

The state trial court went on to reject the actual innocence claim and to deny the application for a writ of habeas corpus.

The Petitioner appealed the decision of the trial court. The Second Court of Appeals provided the following analysis in rejecting the appeal on the issue of actual innocence:

> Idigbe's first ground that he presented in the habeas court was his actual innocence of the offense to which he pleaded guilty. In reviewing this claim, the habeas court must first consider whether the applicant presented newly discovered evidence that affirmatively establishes his innocence. *Id.* at 831. If the applicant presents such evidence, the habeas court then must determine whether the applicant proved by clear and convincing evidence that no reasonable juror would have convicted him in light of the newly discovered evidence, after balancing the "new" evidence against the "old" inculpatory evidence. *Id.* If the applicant entered a guilty plea, the plea—along with any evidence entered or stipulation to the evidence that supports the plea—must be considered in weighing the old evidence against the new evidence. *Id.*

> Here, the habeas court found, and the record reflects, that Akinwunmi's affidavit did not represent newly discovered or newly available evidence in light of the affidavit of nonprosecution that she filed in March 2010, months before Idigbe entered his guilty plea. Therefore, the habeas court could have concluded its analysis when it found that Idigbe failed to provide affirmative newly discovered evidence of his innocence. *See id.* at 839; *cf. Ex parte Jiminez,* 364 S.W.3d 866, 874–75 (Tex.Crim.App.2012)(noting that neither the habeas judge nor the applicant pointed to any significantly "new" or materially "different" expert opinions than those already expressed by a different expert at trial, even though the new experts may have been more highly qualified), *cert. denied,* —— U.S. ——, 133 S.Ct. 834, 184 L.Ed.2d 651 (2013).
>
> Nonetheless, the habeas court continued its analysis, also finding that when comparing Akinwunmi's affidavit to her statements made to the responding police officer at the time of the offense and the other, "old" inculpatory evidence, Akinwunmi's claim that Idigbe had not assaulted her was not credible. Both of the habeas court's findings are supported by the record and support the habeas court's conclusion that Idigbe failed to prove by clear and convincing evidence that no reasonable juror would have convicted him in light of the "new" evidence in Akinwumi's affidavit. *See Mello,* 355 S.W.3d at 839. Because we must afford great deference to the habeas court's findings of facts and conclusions of law—particularly with regard to its credibility determinations—we cannot say that it abused its discretion by denying Idigbe's application on this ground. *See id.* at 832, 839–40.

*Ex parte Idigbe*, 2013 WL 772891, at *5. The Second Court of Appeals affirmed the decision of the trial court, and the Texas Court of Criminal Appeals refused the Petitioner's petition for discretionary review. The last reasoned opinion was by the Second Court of Appeals; thus, it is that opinion to which this Court applies AEDPA standards. *See Lee v. Cain*, 519 F. App'x 869, 876 (5th Cir. 2013).

The Petitioner argues in his memorandum that Akinwunmi's affidavit established that he was innocent. The state court found that her affidavit was not credible. Despite his arguments to the contrary, the Petitioner has not shown that the state court's decision was unreasonable. Overall, the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In conclusion, the petition for a writ of habeas corpus must be dismissed for lack of jurisdiction since the Petitioner was not in custody at the time he filed the petition. Moreover, even if he could satisfy the "in custody" requirement, his petition would have to be dismissed as time-bared. Finally,

6

the Petitioner failed to satisfy the requirement of actual innocence in order to overcome the statute of limitations.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus the Court finds that the Petitioner is not entitled to a certificate of appealability as to his claims. It is accordingly

7

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 19th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE